PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ANGELO CORDERO, | ) | |
| | ) | CASE NO.  1:17-CR-342-1 |
| Petitioner, | ) | (1:22-CV-237) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos 140, 145] |

Pending before the Court is Petitioner Angelo Cordero's Motion to Vacate under 28 U.S.C. § 2255.  ECF No. 140.  Petitioner filed a supplement to his Motion to Vacate.  ECF No. 142.  Respondent filed a Motion to Dismiss and Response in Opposition to Petitioner's Motion to Vacate.  ECF No. 145.  Petitioner filed a Memorandum in Opposition to the Government's Motion to Dismiss and Reply.  ECF No. 147.  Having reviewed the parties' submissions and applicable law, the Court denies Petitioner's Motion to Vacate (ECF No. 140) and grants Respondent's Motion to Dismiss (ECF No. 145).

## I.   Background

In August 2017, Petitioner Angelo Cordero was indicted on two counts.  ECF No. 8. Count 1 charged Petitioner with Conspiracy to Commit Murder for Hire in violation of 18 U.S.C. § 1958.  ECF No. 8 at PageID #: 16.  Count 2 charged Petitioner with Conspiracy to Distribute Cocaine in violation of 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(B), and 846.  ECF No. 8 at PageID #: 17.  In May 2018, a jury found Petitioner guilty on both counts.  *See* ECF No. 57.  In August

(1:17-CR-342-1)
(1:22-CV-237)

2019, Petitioner was sentenced to 120 months as to Count 1 and 300 months as to Count 2, each term to be served concurrently. ECF No. 94. This sentence was imposed to run consecutively to his 480-month term of incarceration from Case No. 01-CR-74-1, U.S. District Court Southern District of New York. ECF No. 94. Petitioner appealed his sentence, and the Sixth Circuit affirmed the Court's sentence. See United States v. Cordero, 973 F.3d 603 (6th Cir. 2020).

Pending before the Court is Petitioner's Motion to Vacate under 28 U.S.C. § 2255. ECF No. 140. Petitioner argues he received ineffective assistance of counsel because his counsel never shared the first plea deal with him and because he believes he did not have adequate time to consider the second offer. ECF No. 140 at PageID #: 3220.

## II. Standard of Review

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a motion to vacate under § 2255, the movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003) (quoting Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001)).

*Pro se* habeas corpus pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. See Urbina v. Thoms, 270 F.3d 292, 295

2

(1:17-CR-342-1)
(1:22-CV-237)

(6th Cir. 2001). Nonetheless, Petitioner must prove his allegations by a preponderance of the evidence. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

### III.     Discussion

Petitioner claims he received ineffective assistance of counsel because his trial counsel failed to share a government-proposed plea offer before it expired. ECF No. 142 at PageID #: 3231. Additionally, Petitioner alleges that his trial counsel shared a second government-proposed plea offer only one day before it expired, left before Petitioner could discuss the offer with him, and failed to return to see Petitioner before the plea offer expired. ECF No. 142 at PageID #: 3231. Respondent answers that Petitioner's motion is untimely, and, in the alternative, Petitioner cannot establish that counsel's performance was both deficient and it prejudiced his defense. ECF No. 145 at PageID #: 3267.

A petitioner has one year after the finalization of the conviction to file a claim under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f)(1). "When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004). "[I]f a petition for rehearing is timely filed in the lower court by any party, … the time to file the petition for a writ of certiorari for all parties … runs from the date of the denial of rehearing." Sup. Ct. R. 13.3.

The Government argues the Sixth Circuit affirmed the judgment from Petitioner's case on September 8, 2020, and the Sixth Circuit denied Petitioner's motion for rehearing on November 3, 2020. ECF No. 145 at PageID #: 3266. Accordingly, Petitioner's one year period to file his petition after the finalization of his conviction ended on February 1, 2022. ECF No. 145 at

3

(1:17-CR-342-1)
(1:22-CV-237)

PageID #: 3266. Petitioner contends his petition was timely because "[Petitioner's] co-appellant [Velasquez] filed a petition for rehearing *en banc*, and the record suggests that [Petitioner (Cordero)] joined that petition for rehearing *en banc*." ECF No. 147 at PageID #: 3279. The Sixth Circuit denied Velasquez's petition for *en banc* hearing on November 18, 2020, so Petitioner alleges his conviction did not become final until February 16, 2021. ECF No. 47 at PageID #: 3279. In the alternative, Petitioner argues that if the Court finds his petition was not filed within a year of his conviction becoming final, then the Court should apply equitable tolling. ECF No. 147 at PageID #: 3279.

The Sixth Circuit's docket regarding Petitioner, reveals an Order denying a petition for a panel rehearing from November 3, 2020. *See* Order Denying Petition for Rehearing, *United States v. Cordero*, No. 19-3540 (6th Cir. 2020) (No. 65). There is no filing indicating a request for an *en banc* hearing or an order denying a request for an *en banc* hearing. Conversely, in Petitioner's Co-Defendant Velasquez's Sixth Circuit docket,[1] a Petition for *en banc* rehearing was filed on September 17, 2020, and a denial of Velasquez's Petition was filed on November 18, 2020. *See* Petition for *En Banc* Rehearing, *United States v. Velasquez*, No. 19-3543 (6th Cir. 2020) (No. 67); Order Denying Petition for *En Banc* Rehearing, *United States v. Velasquez*, No. 19-3543 (6th Cir. 2020) (No. 71). The Petition made on September 17, 2020, clearly states that Eduardo Rios Velasquez petitions the Sixth Circuit for an *en banc* hearing. Petition for *En Banc* Rehearing at 1, *United States v. Velasquez*, No. 19-3543 (6th Cir. 2020) (No. 67). While Petitioner's name is referenced in Rios Velasquez's Petition in recounting the facts of trial, there is no indication Cordero was also petitioning for an *en banc* hearing. Accordingly, the Court

---

[1] Velasquez was Petitioner's co-defendant in the underlying action.

4

(1:17-CR-342-1)
(1:22-CV-237)

finds that Petitioner did not petition the Sixth Circuit for an *en banc* hearing and Petitioner's conviction became final 90 days after his petition for a panel rehearing was denied. Petitioner's petition was due no later than February 1, 2022, and because he filed his petition February 11, 2022, his Petition is untimely.

Petitioner argues that equitable tolling salvages his untimely Petition. A habeas petitioner is entitled to equitable tolling if: (1) the petitioner has been pursuing his rights diligently, and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Fla.*, 560 U.S. 560, 649 (2010). Federal courts sparingly employ equitable tolling. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). "Equitable tolling is a fairness doctrine, under which neither can petitioner game the system nor will the court fault them for circumstances outside their control." *Avery v. Wainwright*, No. 20-3530, 2022 WL 1498431, at *7 (6th Cir. May 12, 2022).

Regarding Petitioner, the Sixth Circuit's docket reveals no filing of a petition for an *en banc* hearing and the Sixth Circuit has not issued an order denying such an *en banc* petition. Relying on a Lexis document instead of the actual docket is not a circumstance beyond Petitioner's control. Petitioner's failure to timely file the Petition in the instant case "seems more the consequence of a lack of diligence than of 'circumstances beyond [his] control.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011). Accordingly, the Court finds that equitable tolling does not remedy Petitioner's untimely Petition.

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 140) is denied. Respondent's Motion to Dismiss (ECF No. 145) is granted.

(1:17-CR-342-1)
(1:22-CV-237)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| May 31, 2024 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

6