PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:17CR342-1 |
| | ) | (1:22CV2374) |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ANGEL CORDERO | ) | |
| | ) | **ORDER** |
| Defendant-Petitioner. | ) | [Resolving ECF No. 171] |

Pending before the Court is Petitioner Angel Cordero's Motion For Relief Under Federal Rule of Civil Procedure 60(b)(6) (ECF No. 170). In response, the United States moved to transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See* (ECF No. 171). Petitioner replied. *See* (ECF No. 178). For the reasons stated below, the Court denies the Government's Motion to Transfer, and the Government shall respond to the merits of Petitioner's Motion within 21 days of receiving this Order.

## I. Procedural History

In August 2017, a grand jury indicted Petitioner and co-defendant with conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958 (Count 1); and conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count 2). *See* Indictment (ECF No. 8) at PageID #: 16-18. A jury found Petitioner guilty on all counts. *See* Tr. Of Proceedings (ECF No. 54) at PageID #: 2289-91.

The Court sentenced Petitioner to a 120-month term of imprisonment for the murder-for-hire conspiracy (Count 1), and a 300-month term of imprisonment for the drug-trafficking

1:17CR342-1 (1:22CV2374)

conspiracy (Count 2), to be served concurrently with each other, but consecutive to the 480-month term of incarceration Petitioner had been serving when he committed these crimes. Tr. Of Proceedings (ECF No. 116) at PageID #: 2953; *see also* Judgement (ECF No. 94) at PageID #: 2740-46.

In 2020, the Sixth Circuit affirmed Petitioner's convictions and sentence on direct appeal. *See* United States v. Cordero, 973 F.3d 603, 625-27 (6th Cir. 2020).

In 2022, following Petitioner's unsuccessful direct appeal, Petitioner moved to vacate his sentence under 28 U.S.C. § 2255. *See* Mot. to Vacate, Set Aside, Or Correct Sentence (ECF No. 140) at PageID #: 3217-28. The Court denied Petitioner's motion and denied him a certificate of appealability. *See* Mem. of Op. and Order (ECF No. 159); *see also* Order of Dismissal (ECF No. 160).

Now, Petitioner seeks relief from the district court's prior order denying his § 2255 petition as untimely under FED. R. CIV. P. 60(b)(6). *See* ECF No. 170 at PageID #: 3432. Petitioner argues that the attorney that filed his habeas petition on time deprived him of his right to pursue an ineffective assistance of trial counsel claim. ECF No. 170 at PageID #: 3432.

The Government counters that the Court lacks jurisdiction to consider Petitioner's Motion, because the Motion functions as a second or successive petition under § 2255. ECF No. 171 at PageID #: 3447.

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) "provides six discrete paths for undoing a final judgment." *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844, 846 (6th Cir. 2017). Rule 60(b) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

2

1:17CR342-1 (1:22CV2374)

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

"Rule 60 motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either raise a new ground for relief or attack a federal court's previous resolution of a claim on the merits." *Littlepage v. Barrett*, 2020 WL 6882596, at *3 (S.D. Ohio, 2020) (quoting first *Williams v. Dormire*, No. 4:10CV1660CAS, 2010 WL 3733862, at *3 (E.D. Mo. Sept. 20, 2010), then citing *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005)).[1] In other words, a court may treat a motion under Rule 60(b) as a second or successive habeas petition if necessary to enforce the requirements of 28 U.S.C. § 2244(b). See *Gonzalez*, 545 U.S. at 530-32.

Under 28 U.S.C. § 2244(b), the determination that a petition is second or successive is to be made in the first instance by the district court. *In re: Smith*, 690 F.3d 809, 810 (6th Cir. 2012); *In re Sheppard*, 2012 WL 13228750, at *1 (6th Cir. May 25, 2012). If a prisoner files a second or successive § 2255 motion in the district court without obtaining § 2244(b)(3)

---

[1] While *Gonzalez* limited its holding to the relationship between Rule 60(b) and 28 U.S.C. § 2254, the Sixth Circuit has applied *Gonzalez* to § 2255. See *In re Nailor*, 487 F.3d 1018, 1021-23 (6th Cir. 2007).

3

1:17CR342-1 (1:22CV2374)

authorization, then the district court must transfer the action to the Sixth Circuit. See *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). To obtain certification, a petitioner must demonstrate to the Court of Appeals that the petition contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

In collateral proceedings, courts must decide whether a Rule 60(b) motion is effectively a successive habeas petition. *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005) (explaining that district courts only have jurisdiction over proper Rule 60(b) motions, not successive habeas petitions disguised as motions for relief); see also *In re Nailor*, 487 F.3d at 1023. This prohibits a petitioner from using a Rule 60(b) motion to circumvent the requirements for filing a successive § 2255 motion. A Rule 60(b) motion constitutes a successive § 2255 motion, "'if it attacks the federal court's previous resolution of a claim *on the merits,* because alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.'" *In re Nailor*, 487 F.3d at 1022-23 (alteration in original) (citation omitted).

### III. Analysis

Petitioner's motion functions as a Rule 60(b) motion, rather than a habeas corpus petition, because it attacks a defect in the habeas proceedings—the dismissal of his habeas petition as time-barred. See *Gonzales*, 545 U.S. at 532 n.4 (providing, for instance, that if a "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar", the motion should not be construed as a second or successive habeas petition).

4

1:17CR342-1 (1:22CV2374)

The Court never reached the merits of Petitioner's § 2255 motion, due to it having been time-barred. For this reason, the Court maintains jurisdiction over Petitioner's Rule 60(b) motion.

## IV. Conclusion

Accordingly, the Court denies the Government's Motion to Transfer (ECF No. 171). The Government shall file a brief in opposition to Petitioner's Motion For Relief Under Federal Rule of Civil Procedure 60(b)(6) (ECF No. 170) within 21 days of receipt this Order. Petitioner shall reply to the Government's brief in opposition, if necessary, within 14 days.

IT IS SO ORDERED.

| | |
|---|---|
| June 4, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |